LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SILAS ELMAN ALVAREZ CIFUENTES and
JOHN DOE, *on behalf of themselves, FLSA
Collective Plaintiffs and the Class,*

      Plaintiffs,

      v.

HAMO INC.
      d/b/a JERUSALEM RESTAURANT,
LITTLE WEST INC.
      d/b/a BROADWAY PIZZA,
MOHAMMED ELHASSANI,
RACHID BOURASSA and HAKIM CHANTIT,

      Defendants.

---

Case No.:  17-CV-5357

**FIRST AMENDED
CLASS AND COLLECTIVE
ACTION COMPLAINT**

 Jury Trial Demanded

Plaintiffs, SILAS ELMAN ALVAREZ CIFUENTES and JOHN DOE ("Plaintiffs"), on behalf of

themselves and others similarly situated, by and through the undersigned attorneys, hereby file this

First Amended Class and Collective Action Complaint against Defendants, HAMO INC. d/b/a

JERUSALEM RESTAURANT, LITTLE WEST INC. d/b/a BROADWAY PIZZA (together the

"Corporate Defendants"), MOHAMMED ELHASSANI, RACHID BOURASSA and HAKIM

CHANTIT (together the "Individual Defendants") (the Corporate Defendants and Individual

Defendants are each individually referred to as a "Defendant" and collectively "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, SILAS ELMAN ALVAREZ CIFUENTES, is a resident of New York County, New York.

6.     The Defendants operate two food service establishments. Such food services enterprise is comprised of two restaurant locations as follows:

> a)   HAMO INC. d/b/a JERUSALEM RESTAURANT located at 2715 Broadway, New York, NY 10025; and

2

b)  LITTLE WEST INC. d/b/a BROADWAY PIZZA located at 2709 Broadway, New York, NY 10025;

collectively, the "Restaurant Locations."

7.      The Restaurant Locations operate as a single integrated enterprise. Specifically, the Restaurant Locations are:

- Engaged in related activities, share common ownership and have a common business purpose;

- Use the same food delivery and take out service called "Seamless";

- The Restaurant Locations are commonly owned by the Individual Defendants, MOHAMMED ELHASSANI, RACHID BOURASSA and HAKIM CHANTIT;

- MOHAMMED ELHASSANI is listed as a Chief Executive Officer with NYS Department of State Division of Corporations for both HAMO INC. d/b/a JERUSALEM RESTAURANT and LITTLE WEST INC. d/b/a BROADWAY PIZZA; and

- Food, other consumable products and employees are interchangeable amongst the Restaurant Locations.

8.      Corporate Defendants:

(a) HAMO INC. d/b/a JERUSALEM RESTAURANT, is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process and a principal place of business located at 2715 Broadway, New York, NY 10025;

(b) LITTLE WEST INC. d/b/a BROADWAY PIZZA, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 2709 Broadway, New York, NY 10025.

3

9      Individual Defendants:

(a) (i) MOHAMMED ELHASSANI is a Chief Executive Officer of all Corporate Defendants. MOHAMMED ELHASSANI, exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Restaurant Locations. At all times, employees could complain to MOHAMMED ELHASSANI directly regarding any of the terms of their employment, and MOHAMMED ELHASSANI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MOHAMMED ELHASSANI regularly present each of the Restaurant Locations and he directly reprimands any employee who does not perform his duties correctly.

(ii) MOHAMMED ELHASSANI, additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. MOHAMMED ELHASSANI exercises functional control over the business and financial operations of all Corporate Defendants. He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Restaurant Locations are operating efficiently and profitably.

(b) (i) RACHID BOURASSA is a Principal of all Corporate Defendants. RACHID BOURASSA exercises operational control as it relates to all employees including Plaintiffs, FLSA

Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Restaurant Locations. At all times, employees could complain to RACHID BOURASSA directly regarding any of the terms of their employment, and RACHID BOURASSA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.  RACHID BOURASSA regularly visit each of the Restaurant Locations and he directly reprimands any employee who does not perform his duties correctly.

(ii) RACHID BOURASSA, additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. RACHID BOURASSA, exercises functional control over the business and financial operations of all Corporate Defendants.  He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Restaurant Locations are operating efficiently and profitably.

(c) (i) HAKIM CHANTIT is a Principal of all Corporate Defendants. HAKIM CHANTIT exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Restaurant Locations. At all times, employees could complain to HAKIM CHANTIT directly regarding any of the terms of their employment, and HAKIM CHANTIT would have the authority to effect any changes to the quality and terms of employees' employment, including

changing their schedule, compensation, or terminating or hiring such employees.   HAKIM CHANTIT regularly visit each of the Restaurant Locations and he directly reprimands any employee who does not perform his duties correctly.

(ii) HAKIM CHANTIT, additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. HAKIM CHANTIT, exercises functional control over the business and financial operations of all Corporate Defendants.  He ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Restaurant Locations are operating efficiently and profitably.

10.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.


## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons including delivery persons, catering personnel, porters, bussers, cooks, line-cooks, dishwashers, food preparers, cashiers, delivery persons and counter persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures,

protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs their proper minimum wage, and proper overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.


## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.      Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons including delivery persons, catering personnel, porters, bussers, cooks, line-cooks, dishwashers, food preparers, cashiers, delivery persons and counter persons employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wage (ii) failing to pay the proper overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty per workweek, (iii) failing to pay "spread of hours" premium, (iv) requiring Plaintiff and Class members engage in non-tipped activities for more than 20% of each workday, (v) failing to provide proper notice to employees, including wage and hour and tip credit notices at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law and (vi) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)     Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

    d)     Whether Defendants satisfied all of the statutory requirements in order to take a tip credit, in particular whether they:

        i.     properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

        ii.    took proper amount of tip credit allowance under the New York Labor Law with respect to the tipped subclass;

      iii.  provided notice to members of the Tipped Subclass of the amount of the

           tip credit allowance claimed to each member of the Tipped Subclass for

           each pay period; and

      iv.  Whether Defendants caused tipped employees to engage in non-tipped

           duties exceeding 20% of each workday;

e)     Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law;

f)     Whether Defendant properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

g)     Whether Defendants provided proper wage and hour notice to employees, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law;

h)     Whether Defendant provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

i)     Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

j)     Whether Defendants failed to properly compensate Class Members for their overtime compensation; and

k)     Whether Defendants paid Plaintiffs and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

23.     On or about March 12, 2012, Plaintiff, SILAS ELMAN ALVAREZ CIFUENTES, was hired by Defendants to work as a delivery person for the "Broadway Pizza". Plaintiff SILAS ELMAN ALVAREZ CIFUENTES was also sent to the "Jerusalem Restaurant" every day to transfer food and other consumable products between locations. On multiple occasions, Plaintiff SILAS ELMAN ALVAREZ CIFUENTES, was also required to work at "Jerusalem Restaurant" if help was needed at the register or with deliveries. Plaintiff's employment with the Defendants was terminated on or about May 2017.

24.     From the beginning of his employment on or about March 12, 2012 until on or about July 2015, Plaintiff was working from 9:00 a.m. to 9:00 p.m., 6 days a week. From on or about August 2015 until the end of his employment on or about May 2017, Plaintiff was working from 1:00 p.m. until  1:00 a.m., 6 days a week.

25.     Throughout Plaintiff's SILAS ELMAN ALVAREZ CIFUENTES employment his compensation varied. Specifically, from the beginning of his employment on or about March 12, 2012 until the end of his employment on or about May 2017, Plaintiff was paid in cash on a fixed salary basis. Plaintiff's salary gradually increased from $300 a week to $325 a week, to $350 a week, to $375 a week, and finally to $400 a week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

26.     Defendants willfully violated Plaintiff SILAS ELMAN ALVAREZ CIFUENTES's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff SILAS ELMAN ALVAREZ CIFUENTES is a non-exempt employee who must be paid on an hourly basis.

27.     Throughout his employment, Plaintiff SILAS ELMAN ALVAREZ CIFUENTES was never required to clock in at the beginning of his work day nor clock out at the end of it.

28.     Throughout his employment, Plaintiff SILAS ELMAN ALVAREZ CIFUENTES was never provided with a lunch break.

29.     Despite the fact that Plaintiff SILAS ELMAN ALVAREZ CIFUENTES's regularly worked shifts exceeding 10 hours a day, he was never paid a spread of hours premium.

30.     Throughout his employment Plaintiff SILAS ELMAN ALVAREZ CIFUENTES, was required by the Defendants to spend 2 hours or 20% of his shift on non-tipped activities. Specifically, Plaintiff SILAS ELMAN ALVAREZ CIFUENTES was cleaning at both Restaurant Locations, making pasta, preparing food, substituting a cashier at the register and filling up fridges.

31.     Defendants willfully violated Plaintiff SILAS ELMAN ALVAREZ CIFUENTES 's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff SILAS ELMAN ALVAREZ CIFUENTES is a non-exempt employee who must be paid on an hourly basis.

32.     Based on Plaintiffs direct observations and conversations with other employees, at "Broadway Pizza" and "Jerusalem Restaurant," all FLSA Collective Plaintiffs and Class members worked similar hours and were paid similarly.

33.     At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

34.      At all times relevant, the workdays of Plaintiffs and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiffs and Class members the spread of hours premium as required by NYLL.

35.    Plaintiffs and Class members did not receive any notice that Defendants were taking a tip credit.  In addition, they did not receive any notice as to the amount of tip credit allowance taken

for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

36.    At times, Defendants paid Plaintiffs, the FLSA Collective Plaintiffs and the Class members, less than the statutory minimum wage and even less than "tip credit" minimum wage. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL.

37.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by NYLL.

38.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class members either the FLSA minimum wage or the New York State minimum wage.

39.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one half) to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

40.    Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiffs and Class members, in violation of the NYLL.

41.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members in violation of the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members in violation of the NYLL.

43.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

44.     Plaintiffs reallege and reaver Paragraphs 1 through 43 of this class and collective action Complaint as if fully set forth herein.

45.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

46.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

47.     At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

48.     At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiffs and FLSA Collective Plaintiffs for off the clock work due to a policy of time shaving.

49.     Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

50.     Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

51.     At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

52.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

54.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

55.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

16

56.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

57.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

58.     Plaintiffs reallege and reaver Paragraphs 1 through 57 of this class and collective action Complaint as if fully set forth herein.

59.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

60.     Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to pay them the minimum wage required by the New York Labor Law.

61.     Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

63.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

64.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

65.     Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are

entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid minimum wages due under the FLSA and NYLL;

d) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e) An award of unpaid "spread of hours" premium due under the New York Labor Law;

f) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

i)  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j)  Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

k)  Designation of this action as a class action pursuant to F.R.C.P. 23;

l)  Designation of Plaintiffs as Representatives of the Class; and

m) Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.


Dated: April 3, 2018


                                 Respectfully submitted,

                                 LEE LITIGATION GROUP, PLLC
                                 C.K. Lee (CL 4086)
                                 Anne Seelig (AS 3976)
                                 30 East 39th Street, Second Floor
                                 New York, NY 10016
                                 Tel.: 212-465-1188
                                 Fax: 212-465-1181
                                 *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*


                                 By: *<u>/s/ C.K. Lee</u>*
                                 C.K. Lee, Esq.