# Lee Litigation Group, PLLC
148 W. 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

July 25, 2019

**VIA ECF**
The Honorable George B. Daniels, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Alvarez Cifuentes et al v. Hamo Inc. et al*
Case No. 17-cv-5357

Dear Judge Daniels:

We are counsel to Plaintiff and write, jointly with counsel to Defendant Rachid Bourassa and Defendant Hakim Chantit (hereinafter "Defendants"), to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

In this matter, the parties have reached a settlement of $3,000 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $3,000, of which $2,000 is being allocated to Plaintiff Silas Elman Alvarez Cifuentes. Attached hereto as **Exhibit B** are Plaintiff's damage calculations for his alleged unpaid compensation, calculated to be $115,797.80 in backwages.

During settlement negotiations, information came to light indicating that Defendant Mohammed ElHassani was responsible for a majority of the liability in this matter. That is, Plaintiff Silas Elman Alvarez Cifuentes primarily worked during the period when Defendant Mohammed ElHassani owned Hamo Inc. d/b/a Jerusalem Restaurant and Little West Inc. d/b/a Broadway Pizza (the "Restaurants"). Plaintiff's employment at the Restaurants under Defendants Rachid Bourassa and Hakim Chantit's ownership was de minimis, and thus, their liability was minimal. Therefore, the settlement of $3,000 with Defendant Rachid Bourassa and Defendant Hakim Chantit is relatively small compared to Plaintiff's damage calculations for his alleged unpaid compensation. Plaintiff seeks to recover his alleged backwages through his motion for default judgment against Defendant Mohammed ElHassani, which will be filed shortly after this submission. Defendant Rachid Bourassa and Defendant Hakim Chantit are unopposed to this motion.

Plaintiff's damage calculations assume that all the facts alleged by Plaintiff are entirely correct. Therefore, they are a best-case scenario. Even though Defendants Rachid Bourassa and Hakim Chantit contest the facts alleged by Plaintiff and contend that Plaintiff is owed less, if anything, Defendants have agreed to pay a partial amount of Plaintiff's alleged backwages. If Defendants were to succeed at trial in establishing that Plaintiff was correctly compensated for his overtime hours, or that he worked less hours than alleged, Plaintiff's damages would be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims against Defendants Rachid Bourassa and Hakim Chantit. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Plaintiff believes the amount of $3,000 is a fair result and eliminates the risks associated with trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a smaller amount than what is allocated to him in the settlement or nothing at all.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There

was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach the attached agreement at mediation.

**The Attorneys' Fees are Fair and Reasonable**

Of the $3,000 settlement amount, $1,000 is allocated to attorneys' fees and costs, including $400 in costs. The legal fees of $600 equal 20% of the settlement amount, substantially less than one-third, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees of $600 are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing a First Amended Complaint, preparing for and attending an initial conference, reviewing Defendant's answer, preparing discovery requests, preparing for and attending a mediation, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A**. We thank Your Honor for considering this matter.

Respectfully submitted,

　*s/ C.K. Lee*
C.K. Lee, Esq.

Encl.