```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____                 │
│ DATE FILED:_____11/30/2020      │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ELMAN ALVAREZ CIFUENTES and JOHN DOE,
*on behalf of themselves, FLSA Collective
Plaintiffs and the Class*

                                        Plaintiffs,                    **17-cv-05357 (GBD) (KHP)**

            -against-                                          REPORT AND RECOMMENDATION
                                                                    ON MOTION FOR DEFAULT
HAMO INC. d/b/a JERUSALEM RESTAURANT                                     JUDGMENT
et al.,

                                        Defendants.
----------------------------------------------------------------X

**TO:    THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Silas Elman Alvarez Cifuentes brought this case under the Fair Labor Standards

Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), against Defendants Little West Inc. ("Little

West"), Hamo Inc. ("Hamo"), Mohammed Elhassani, Rachid Bourassa, and Hakim Chantit,

seeking unpaid wages, overtime, spread of hours, and liquidated damages, and attorneys' fees

and costs.  (ECF Nos. 1 & 22.)  Plaintiff worked in a restaurant as a delivery person

owned/operated by Defendants, and at times, at a second restaurant, doing deliveries and

working the register as needed.  Defendants were represented by the same counsel, and the

case is currently resolved against the individual defendants Rachid Bourassa and Hakim Chantit,

but not as to Elhassani.  Elhassani failed to communicate with his counsel, failed to participate

in discovery and attend scheduled conferences, and failed to respond to multiple efforts to

reach him.  As a result, this Court granted his former counsel's motion to withdraw as to

representation of him.

Presently before the Court is Plaintiff's motion for sanctions against Elhassani for failure to participate in discovery, and specifically, for the sanction of default judgment—the motion does not include the two other remaining defendants, Little West and Hamo, both of which are corporate entities, but neither of which was included in the settlement stipulation of voluntary dismissal.  In the instant motion, Plaintiff also seeks an award of his requested damages, but does not seek attorneys' fees or costs in connection with this application.  As will be discussed below, I recommend awarding Plaintiff's the amount requested in damages.

<u>**FACTUAL BACKGROUND**</u>[1]

Defendants hired Plaintiff as a delivery person for Defendants' restaurant Broadway Pizza around March 12, 2012.  Plaintiff worked for Defendants until May 2017.  (Affidavit of Plaintiff Silas Elman Alvarez Cifuentes at ¶ 1, ECF No. 91-6 ("Cifuentes Aff.").)  Throughout his employment, Plaintiff was also sent to the "Jerusalem Restaurant," another of Defendants' locations, to transfer food and other consumable products between locations.  On multiple occasions, he was also required to work the register or with deliveries, as needed, at Jerusalem Restaurant.  (Cifuentes Aff. ¶ 2).

From the beginning of Plaintiff's employment in March 2012 through June 2015, Plaintiff worked from 9:00 a.m. to 9:00 p.m., 6 days per week.  From August 2015 until the end of his employment, he worked from 1:00 p.m. until 1:00 a.m., 6 days per week.  (Cifuentes Aff. ¶ 3).

---

[1] Because I recommend that the motion for default judgment be granted against Elhassani, Plaintiff's allegations in the Amended Complaint, with the exception of those related to damages, are accepted as true and all reasonable inferences are drawn in Plaintiff's favor.  *See Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

Throughout his employment, Plaintiff regularly exceeded 10 hours working per work day.

Throughout his employment, Plaintiff was paid in cash on a fixed weekly salary basis as follows:

- From March 2012 through December 2012, Plaintiffs' salary was $300 per week;

- In 2013, his salary was $325 per week;

- In 2014, it was $350 per week;

- From January 2015 through May 2016, it was $375 per week; and

- From June 2016 through May 2017, it was $400 per week.

(Cifuentes Aff. ¶ 4).  Plaintiff did not receive any proper wage statements or wage notices during his employment with Defendants.  (Cifuentes Aff. ¶ 8).

## DISCUSSION

I first consider whether default judgment against Defendant Elhassani is appropriate. Concluding that it is, I next turn to an assessment of Plaintiff's damages.  As a threshold matter, Defendant Elhassani is an employer of Plaintiff for purposes of the FLSA and NYLL, and Plaintiff is a non-exempt employee engaged in interstate commerce, and is therefore a non-exempt employee.  *See Garcia v. Badyna*, No. 13-cv-4021 (RRM) (CLP), 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014); *see also* 29 U.S.C. §§ 206, 207, 213; *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31-32 (E.D.N.Y. 2015).  Further, all of the claims alleged were brought within the appropriate statutory periods under the FLSA and NYLL, and as such, none of Plaintiff's claims are time barred in any way.  As discussed below, I recommend granting Plaintiff's motion for default judgment against Defendant Elhassani, and recommend a judgment consisting of an award of $238,595.60 in damages against Elhassani.

### A.  Default Judgment as a Sanction

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that if a party fails to obey an order to provide or permit discovery, the Court may issue an order "rendering a default judgment against the disobedient party."  In this case there is no question that Elhassani has ignored Court orders and failed to participate in discovery as required.  Insofar as this Court has broad discretion to impose discovery sanctions and in light of Elhassani's utter failure to participate in discovery and frustration of the purpose of the rules of discovery, terminating sanctions are appropriate here.  *See Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).  Lesser sanctions would not be appropriate given that the two other individual defendants have settled and there is no way that Plaintiff can obtain discovery when Elhassani has failed to answer or respond to multiple attempts to reach him.  Indeed, absent a default, prejudice to Plaintiff would be great, as there is no other way for him to obtain relief. This case has been pending for several years and Elhassani has had multiple opportunities to participate, yet his recalcitrance has even caused his own attorney to have to withdraw.  These factors all weigh in favor of the entry of a default judgment.  *Handwerker v. AT7T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002).  As such, I recommend the Court enter a judgment of default against Defendant Elhassani.

### B.  Plaintiffs' Damages

Now that I have determined Defendant Elhassani should be held in default, and because Plaintiff, and all of his claims, are covered under the FLSA and NYLL, I now turn to an assessment of damages.  To meet his burden, Plaintiffs must show that the compensation sought "relates 'to the damages that naturally flow from the injuries pleaded.'"  *Fermin*, 93 F.

Supp. 3d at 29 (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159

(2d Cir. 1992)).  Although it was not required to do so, this Court held an inquest hearing on

November 24, 2020.  *See* F.R.C.P. 55(b); *Finkel*, 577 F.3d at 87 (explaining that courts have

discretion to decide whether to conduct an evidentiary hearing following default); *see also*

*Fermin*, 93 F. Supp. 3d at 29 (collecting cases).  Plaintiff also submitted information to

substantiate his claimed damages in connection with the motion for sanctions and default.  (*See*

ECF No. 79.)  As such, I respectfully recommend that Plaintiff be awarded damages, as set forth

below.

### 1.   Unpaid Minimum, Overtime, and Spread of Hours Wages

Plaintiff seeks back pay resulting from Elhassani's failure to pay him regular minimum

and overtime wages under the FLSA and NYLL.  (Am. Compl. at ¶¶ 50-51, ECF No. 22.)  He also

seeks back pay resulting from Defendants' failure to pay him spread of hours wages under the

NYLL.  (Id. ¶ 62.)

The FLSA and NYLL require employers to "compensate employees who work over forty

hours per week with overtime pay at the rate of one and one-half times the regular rate."  *See*

*Pineda v. Inc.*, 831 F. Supp. 2d 666, 673 (S.D.N.Y. 2011) (internal quotation marks omitted); *see*

*also* 29 U.S.C. §§ 207(a)(1); 12 NYCRR § 142-2.2.  "Even when wages exceed the minimum

prescribed by Congress, the parties to the contract must respect the statutory policy of

requiring the employer to pay one and one-half times the regular hourly rate for all hours

actually worked in excess of 40."  *Walling v. Helmerich & Payne*, 323 U.S. 37, 42 (1944); *see also*

*Pineda*, 831 F. Supp. 2d at 673-74.

Where, as here, Plaintiff was paid fixed weekly salary, "the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary designated by the number of hours which the salary is intended to compensate." 29 CFR § 778.113(a); *see also Jemine v. Dennis*, 901 F. Supp. 2d 365, 380 (E.D.N.Y. 2012).  If the number of hours per week for which the employee was compensated is unknown, there is a rebuttable presumption that the fixed salary covers 40 hours.  *See De Jesus v. Empire Szechuan Noodle House Inc.*, No. 18-cv-1281 (JPO), 2019 WL 1789901, at *2 (S.D.N.Y. Apr. 24, 2019) (citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 207–208 (S.D.N.Y. 2002)).

Plaintiff bears the burden of showing he was not properly compensated for the overtime hours he worked.  *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003); *see also Pineda*, 831 F. Supp. 2d at 674.  In the context of a default and when a plaintiff lacks access to the employment records necessary to prove he was not properly compensated, a plaintiff may "meet his burden of proof 'by relying on recollection alone.'"  *Elisama v. Ghzali Gourmet Deli Inc.*, No. 14-cv-8333 (PGG) (DF), 2016 WL 11523365, at *4 (S.D.N.Y. Nov. 7, 2016) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011)).

Plaintiff has provided a detailed computation of his damages.  (ECF No. 91-7.)  The federal minimum wage for all relevant times was $7.25 per hour, and the minimum wage in New York was $7.25 in 2012 and 2013, $8.00 in 2014, $8.75 in 2015, and $9.00 in 2016.  (ECF No. 90 at 11.)  Because New York law provides for greater relief, its minimum wages will be applied instead of the federal minimum wage.  *See id.* at *11.  In Plaintiff's breakdown, he separates his employment into different periods, based on the different weekly rates he received as discussed above.  At all times during his employment, Plaintiff worked 12 hours a

6

day, 6 days a week, meaning that he routinely worked over 10 hours a day and more than 40 hours each week.  (Cifuentes Aff. ¶¶ 3, 7).  This was true even when Plaintiff's shift changed around June 2015.  At all times, Plaintiff did not receive overtime or spread of hours pay as required under applicable law.

To calculate the minimum wage damages, Plaintiff first found the regular rate for each period by taking the fixed weekly salary and "divid[ing] by total hours worked per week."  (ECF No. 91-7.)  Plaintiff then took the regular rate for each period, subtracted it from the appropriate New York state minimum wage, multiplied that by the assumed 40-hour-work-week, and then multiplied that by the number of weeks worked per period.  Plaintiff's calculations are appropriate under the law and sound.

To calculate the overtime wage damages, Plaintiff took the already calculated regular rate for each period, subtracted it from one and a half times the appropriate New York state minimum wage, multiplied that by all hours worked over 40, and then multiplied that by the number of weeks worked per period.  Again, Plaintiff's calculations are appropriate and sound.

To calculate the spread of hours damages, Plaintiff multiplied the appropriate New York state minimum wage by 6 (Plaintiff worked in excess of 10 hours each of the 6 days he worked per week) and then multiplied that by the number of weeks worked per period.  Again, Plaintiff's calculations are appropriate and sound.

Adding these three categories of properly calculated damages results in a total backpay award of $115,797.80.  (*See* ECF No. 91-7.)

### 2. Liquidated Damages

Under both the FLSA and NYLL, plaintiffs who successfully bring FLSA or NYLL claims to recoup payments owed for unpaid wages are eligible to recover liquidated damages equal to the total amount of their compensatory damages.  29 U.S.C. § 216(b); NYLL § 663(1); *see also Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016); *Zokirzoda*, 2020 WL 359908 at *6.  A plaintiff is also eligible to receive a liquidated damages award for unpaid spread of hours wages under the NYLL.  *See Elisama.*, 2016 WL 11523365, at *6 (citing NYLL § 663(1)).

A plaintiff is typically entitled to a liquidated damages award under the FLSA or NYLL, unless the defendants establish good faith as a defense.  29 U.S.C. § 216(b); NYLL § 663(1); *see also Chowdhury*, 666 F. App'x at 60; *Zokirzoda v. Acri Cafe Inc.*, No. 18-cv-11630 (JPO), 2020 WL 359908, at *6 (S.D.N.Y. Jan. 22, 2020).  "The employer's burden is 'a difficult one,' and 'double damages are the norm and single damages the exception.'"  *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316 (S.D.N.Y. 2011) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 150 (2d Cir. 2008)).  It is well settled that defendants in default cannot demonstrate good faith.  *See Zokirzoda*, 2020 WL 359908 at *6.  However, as explained by the Second Circuit, a plaintiff may not recover liquidated damages under both the FLSA and the NYLL for the same claims.  *See Chowdhury*, 666 F. App'x at 61 (establishing that plaintiffs cannot recover liquidated damages under both the FLSA and NYLL because the liquidated damages provisions of the FLSA and NYLL "are identical in all material respects, serve the same functions, and redress the same injuries"); *see also Zokirzoda*, 2020 WL 359908 at *6.

Here, where none of Plaintiff's claims are time barred, the Court may award an equal

amount of liquidated damages under either the NYLL's six-year statute of limitations period or

FLSA's three-year statute of limitations for willful violations.  Accordingly, I recommend an

award of liquidated damages equal to 100% of Plaintiff's recommended award for back pay

damages.

### 3.   Entitlement to Statutory Damages

Plaintiff also seeks damages for violations of the wage notice and wage statement

requirements established by the New York Wage Theft Prevention Act.  *See* NYLL § 195(1) & (3);

(Am. Compl. ¶¶ 63-64.)  Because Defendant Elhassani is in default, this Court accepts Plaintiff's

allegation that Defendants failed to provide him with the required notices as true.  *See*

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-cv-10234 (JGK) (JLC), 2016 WL 4704917, at

*14 (S.D.N.Y. Sept. 8, 2016) (awarding plaintiff statutory damages under NYLL § 195(1) and (3)

where defendants defaulted), *adopted* 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).

NYLL § 195(1) requires New York employers to provide employees with a notice

containing, among other things, their wage rate and frequency of pay at their time of hiring.

Similarly, NYLL § 195(3) requires New York employers to provide employees with a statement

containing, among other things, their regular and overtime rate of pay, the number of hours

worked, and the time period covered by the payment with each payment of wages.  NYLL § 198

sets the amount of statutory damages an employee may recovery for violations of NYLL § 195.

When an employer fails to provide an employee with a wage notice within ten business

days of the employee's first day of employment, as required by NYLL § 195(1), the employee is

entitled to recover a certain amount for each work day or week the violation continues to

occur.  NYLL § 198(1-b). The version of NYLL § 198(1-b) in effect at the time Plaintiff

commenced his employment with Defendants, and in effect through February 26, 2015, set the

*weekly* penalty to $100 and limited the total amount of the statutory damages to $2,500,

excluding reasonable attorneys' fees and costs, for violations of NYLL § 195(1).  Subsequently,

the version in effect for the remainder of Plaintiff's employment changed the penalty to a *daily*

fine of $50, capped at $5,000.

Similarly, when an employer fails to provide an employee with a wage statement, as

required by NYLL § 195(3), the employee is entitled to recover the same amounts under NYLL

§ 198(1-d) as for violations of NYLL § 198(1-b).  The penalty schedule in § 198(1-d) was

identically amended along with § 198(1-b), as described above.  S*ee Perez Garcia v. Hirakegoma*

*Inc.*, No. 17-cv-7608 (SLC), 2020 WL 1130765, at *10-11 (S.D.N.Y. Mar. 9, 2020).  Thus, as of

February 27, 2015, the maximum an employee may recover for violations of both NYLL § 195(1)

and (3) is $10,000.

Plaintiff worked for Defendants from March 2012 through May 2017 without receiving

any of the notices or statements required by NYLL § 195(1) & (3).  While the statutory damage

amount to which Plaintiff is entitled given Defendants' violations was amended during his

employment, the amendment does not actually effect the arithmetic required to determine the

recommended award.  That is because in isolating the time Plaintiff worked from February

2015, when the higher penalties became effective, and the end of his employment in May

2017, it is clear that Plaintiff's damages already exceed the higher statutory maximums of

$5,000 for wage notice violations, and another $5,000 for wage statement violations.  In fact,

Plaintiff would reach the statutory maximum in 2016 alone—he worked 6 days a week, for 30

weeks, totaling 180 days; 180 days multiplied by the $50/day penalty results in $9,000 in

penalties.  (*See* ECF No. 91-7.)  Therefore, I recommend awarding Plaintiff $10,000 in statutory

damages.

<u>**CONCLUSION**</u>

For the above-described reasons, I respectfully recommend that a default judgment be

entered against Defendant Elhassani and judgment be entered against him in the amount of

$238,595.60.  This award consists of the following amounts:  $115,797.80 in unpaid regular,

overtime, and spread of hour wages; $115,797.80 in liquidated damages under NYLL; and

$10,000 in statutory penalties stemming from violation of wage notice and statement

requirements.  However, while the above-described computations result in a figure of

$241,595.60, given the settlement of Defendants Rachid Bourassa and Hakim Chantit in the

amount of $3,000, Plaintiff requests that $3,000 be deducted from the total, resulting in the

recommended amount.

Plaintiff is directed to serve a copy of this Report and Recommendation on all remaining

Defendants and file proof of service of the same on the docket by no later than December 7,

2020.

Dated: November 30, 2020
     New York, New York          Respectfully submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

       **Plaintiffs shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  Defendants shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.**

       **If Plaintiffs files written objections to this Report and Recommendation, Defendants may respond to Plaintiffs' objections within seventeen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Alternatively, if Defendants file written objections, Plaintiffs may respond to such objections within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Daniels.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).**